RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _____ 11 _____ 9 _____ 06 _____
BY _____ Om _____

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

---

YVONNE DOCKERY

versus

SAM'S TOWN CASINO

CIVIL ACTION NO. 06-1293
JUDGE TOM STAGG

---

## MEMORANDUM RULING

Before the court is a motion to dismiss pursuant to Rule 12(b)(6) filed by the defendant, Red River Entertainment of Shreveport Partnership in Commendam d/b/a Sam's Town Hotel and Casino Shreveport, erroneously named here as Sam's Town Casino, ("Sam's Town"). See Record Document 10. For the reasons set forth below, Sam's Town's motion to dismiss is **DENIED.**

## I. ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) requires that a court dismiss a complaint that fails to state a claim upon which relief can be granted. A complaint should survive scrutiny under Rule 12(b)(6) unless it "appears beyond doubt that the

plaintiff can prove *no set of facts* in support of [her] claim which would entitle [her]

to relief." Conley v. Gibson, 355 U.S. 41, 45, 78 S. Ct. 99, 102 (1957) (emphasis

added). For the purposes of this motion, the plaintiff's factual allegations must be

taken as true and construed in a light most favorable to her. See Green v. State Bar

of Tex., 27 F.3d 1083, 1086 (5th Cir. 1994); see also Rathborne v. Rathborne, 683

F.2d 914, 917 n.8 (5th Cir. 1982). It is not required that the complaint outline all

of the elements of each claim to survive a motion to dismiss under Rule 12(b)(6).

It is sufficient if inferences may be drawn that these elements exist. See Walker v.

South Cent. Bell, 904 F.2d 275, 277 (5th Cir. 1990).

Sam's Town claims that the plaintiff, Yvonne Dockery ("Dockery"), is

alleging civil rights violations pursuant to 42 U.S.C. § 1983. In order for a plaintiff

to recover under 42 U.S.C. § 1983, she must show that her rights were deprived

under color of state law. See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250,

2255 (1988); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S.Ct.

1598, 1605 (1970). Sam's Town is correct in its assertion that Dockery has not

alleged any facts upon which this court could conclude that it acted under the color

of state law. There is nothing in Dockery's complaint or response nor in Sam's

2

Town's corporate filing to indicate that Sam's Town was a state actor at any time relevant to this case. However, Dockery has not invoked section 1983 in any of her filings, though Sam's Town pleads to the contrary.

Dockery claims that she was discriminated against by Sam's Town and that one of Sam's Town's employees harassed her, "slander[ed] her," and evicted her from the premises. Record Document 1. The damages she seeks are for "slander and stress" and for money she claims she would have won had she not been evicted from Sam's Town. Id. She does not state that she is relying on section 1983 for recovery. Furthermore, Sam's Town has not established that Dockery needs federal question jurisdiction under 28 U.S.C. § 1331 to recover. Her claims could be brought under state law and this court can consider state law claims if diversity jurisdiction is proper. See 28 U.S.C. § 1332.

The court has an independent duty to examine the basis for subject matter jurisdiction. See Torres v. S. Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). Diversity jurisdiction requires that the amount in controversy exceed $75,000.00 and that the parties have complete diversity of citizenship. See 28 U.S.C. § 1332. Dockery alleges damages in the amount of $400,000.00, clearly

exceeding the amount in controversy requirement. However, the issue of whether the parties are diverse remains.

Sam's Town is a partnership in commendam comprised of two Louisiana limited liability companies ("LLC"). See Record Document 13. Each of the LLCs are wholly owned subsidiaries of Boyd Gaming Corporation ("Boyd"). See id. Boyd appears to be a Nevada Corporation with its principal place of business also in Nevada.[1]

Most states deem an LLC to be an unincorporated association. See, e.g., La. R.S.12:1301(10) (stating that "'Limited liability company"... means an entity that is an unincorporated association..."). An unincorporated association is a citizen of each state of which any member is a citizen, and its state of organization and principal place of business are irrelevant. See Johnson v. Columbia Prop. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006);

--------

[1]See http://sos.state.nv.us, the Nevada Secretary of State's website, where Boyd is listed as a corporation. Each officer lists a Nevada address, suggesting that the corporation's principal place of business is likely also Nevada. See 28 U.S.C. § 1332(c)(1).

Gen. Tech. Applications, Inc. v. Exro Ltd., 388 F.3d 114, 120 (4th Cir. 2004);

Rolling Greens MHP, LP v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1022

(11th Cir. 2004); Handelsman v. Bedford Village Assocs. LP, 213 F.3d 48, 51-52

(2d Cir. 2000); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357

F.3d 827, 828-829  (8th Cir. 2004); Belleville Catering Co. v. Champaign Mkt.

Place, LLC, 350 F.3d 691, 694 (7th Cir. 2003); and Standard Aero (San Antonio),

Inc. v. Kelly Aviation Ctr., LP, No. SA-05-CA-1139-RF, 2006 WL 504055, at *3

(W.D. Tex. Jan. 23, 2006). If members themselves are entities or associations, the

citizenship must be traced through however many layers of members there may be,

and failure to do so can result in dismissal for want of jurisdiction.  See Meyerson

v. Harrah's E. Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002); see also Hicklin

Eng'g, LC v. Bartell, 439 F.3d 346, 347-48 (7th Cir. 2006) (explaining that court

"needs to know each member's citizenship, and if necessary each member's

members' citizenships").  After performing this analysis, it appears that Sam's

Town's only state of citizenship is Nevada.

Although Dockery does not specifically allege her citizenship, she lists an

Arkansas address which suggests she is an Arkansas citizen.  The court has found

no information that suggests that Sam's Town also has Arkansas citizenship. Therefore, based upon the facts before the court, diversity jurisdiction appears to be proper. Accordingly;

**IT IS ORDERED** that the motion to dismiss filed by Sam's Town (Record Document 10) be and is hereby **DENIED.**

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 7th day of November, 2006.

JUDGE TOM STAGG