U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

OCT 12 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

---

YVONNE DOCKERY

versus                                           CIVIL ACTION NO. 06-1293
                                                 JUDGE TOM STAGG
SAM'S TOWN CASINO

---

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant, Red River Entertainment of Shreveport Partnership in Commendam d/b/a Sam's Town Hotel and Casino Shreveport, erroneously named here as Sam's Town Casino ("Sam's Town"). See Record Document 32. For the reasons stated below, the defendant's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

Plaintiff Yvonne Dockery ("Dockery"), the mayor of Garland, Arkansas, was a regular patron of Sam's Town. On May 2, 2006, Dockery filed a complaint with the Riverboat Gaming Division of the Louisiana State Police ("Gaming Division"),

alleging that the reel on a specific slot machine[1] tilted four times during her play between April 7 and April 27, 2006. In her report, Dockery also claimed that the machine paid out over $188,000 in two weeks. While she claimed that she was the only player on that machine during that period, she did not receive any part of that payout. See Record Document 32, Ex. 1.

Following this complaint, agents of the Gaming Division commenced an investigation of the slot machine in question, including having the machine "locked down" for a period of time. See Record Documents 4 and 32, Ex. 2. However, the examination by the Gaming Division agents failed to uncover a violation of state law or any internal controls of Sam's Town. See Record Document 32, Ex. 2.

Also, at approximately this same period of time, Dockery claims that a blackjack dealer at Sam's Town identified only as "Freddie" slandered her in front of other Sam's Town guests and employees.[2] She claims that Freddie told her she

---

[1] The specific machine number was G2805/2348. See Record Document 32, Ex. 1.

[2] Dockery does not specify a date for this incident in her complaint or in any other filing.

needed to stop stealing money from the City of Garland, where she is mayor. See Record Documents 4 and 32, Ex. 9 at 34-35.

Following these incidents, Dockery was permanently evicted from Sam's Town. In a letter dated May 10, 2006, David Harris ("Harris"), Director of Security, Surveillance, and Marine Operations for Sam's Town, sent Dockery a letter notifying her that she would no longer be allowed on the Sam's Town premises. See Record Document 32, Ex. 3.

After this eviction, Dockery filed the instant suit alleging slander, racial discrimination, personal injury, and civil rights violations pursuant to 42 U.S.C. § 1983.[3] See Record Documents 4 and 22. The defendant filed this motion for summary judgment, arguing that no constitutional or state law violation has been established and that the case should therefore be dismissed.

---

[3] In her complaint, Dockery also alleges that she is entitled to $188,000 in gambling winnings from Sam's Town. She claims that she was the only player on a particular slot machine between April 16 and April 27, 2006 because she had "capped" the machine, meaning no one else could play it except her. However, during that period of time, according to Sam's Town, that machine paid out $188,000. Dockery did not receive any money from that machine and claims she is entitled to those winnings. The court questions whether it is possible that other Sam's Town patrons played that machine and won during that time period. Regardless, this is not a cognizable claim under state or federal law.

## II. LAW AND ANALYSIS

### A. Summary Judgment.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004) (citations and quotations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary

judgment should be granted. See Boudreaux v. Swift Transp. Co.,402 F.3d 536, 540 (5th Cir. 2005).

**B.     Dockery's Failure To Respond To Defendant's Motion.**

The defendant mailed Dockery a copy of its motion for summary judgment on June 29, 2007. To date, Dockery has not responded. Local Rule 7.5W requires a respondent opposing a motion to "file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 15 days of service of the motion." Clearly, Dockery failed to oppose the motion for summary judgment within the required fifteen-day period. Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Simply because Dockery did not oppose the defendant's motion for summary judgment is an insufficient basis, standing alone, for a grant of summary judgment,

because the defendant still must establish the absence of a genuine issue of material fact before it can prevail on a summary judgment motion. See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985). However, as discussed below, the court finds it appropriate to enter summary judgment against Dockery.

C.  **Dockery's Slander Claim.**

Slander is a method of defamation that is communicated by oral expression. See Boone v. Reese, 04-979, p. 4 (La. App. 3 Cir. 12/8/04); 889 So.2d 435, 438. Under Louisiana law, a claim for defamation arises from a violation of Louisiana Civil Code Article 2315. See Lamz v. Wells, 2005 CA 1497, p. 6 (La. App. 1 Cir. 6/9/06); 938 So.2d 792, 797. To prevail on a defamation claim, the plaintiff must prove there was (1) a false and defamatory statement about another, (2) unauthorized publication to a third party, (3) fault (negligence or greater) of the publisher, and (4) resulting injury. See Kennedy v. Sheriff of East Baton Rouge, 2005-C-1418, p.3 (La. 7/10/06); 935 So.2d 669, 674. However, if the plaintiff is a public official, she must also prove by clear and convincing evidence that the statement, even if false, was made with actual malice. See New York Times Co. v. Sullivan,

376 U.S. 254, 279-80, 84 S.Ct. 710, 726 (1964); Davis v. Borsky, 94-C-2399 (La. 9/5/95); 660 So.2d 17, 23. The United States Supreme Court has explained that a person acts with actual malice if he makes a statement "with knowledge that it was false or with reckless disregard of whether it was false or not." New York Times, 376 U.S. at 280, 84 S.Ct. at 726. "At the very least, the public official plaintiff must prove that the defendant published the false statement with a high degree of awareness of its probable falsity." Davis, 660 So.2d at 23; see also, Garrison v. Louisiana, 379 U.S. 64, 74, 85 S.Ct. 209, 215 (1964).

In her complaint, Dockery claims that a blackjack dealer identified as "Freddie" made a slanderous remark to her in front of guests and other employees of Sam's Town. She further explains in her deposition that Freddie told her she needed to stop stealing money from the City of Garland. See Record Document 32, Ex. 9 at 34-35. She claims that she asked him to stop, but that he continued to accuse her. See Record Document 4 at 2.

7

Because of her position as mayor of Garland, Arkansas, Dockery is considered a public official for purposes of her defamation claim.[4] Therefore, in addition to proving the four general elements of a defamation claim, she also must prove by clear and convincing evidence that Freddie made the statement to her knowing it was false or with reckless disregard for whether or not it was false. In defamation cases, the burden of proof on public official plaintiffs concerning their official conduct is a very difficult one to meet. See Davis, 660 So.2d at 24. Here, Dockery is unable to meet this burden.

As the defendant noted in its motion for summary judgment, the problem is a lack of corroborating evidence. The Louisiana Supreme Court has stated that to meet the standard of clear and convincing evidence, a party must persuade the trier of fact that the fact to be proved is "highly probable," meaning it is much more probable than not. Chatelain v. State, Dept. of Transp. and Dev., 586 So.2d 1373, 1378 (La. 1991). Dockery has provided no evidence that would meet the clear and convincing standard to show that Freddie knew the statements he made were false

---

[4] Dockery admits in her deposition that everyone at the casino knows she is the mayor of Garland. See Record Document 32, Ex. 9 at 35.

or that he made them with reckless disregard of whether they were false or not. In fact, there is no evidence of any kind regarding the mental state of Freddie when he made the alleged statements. Without such evidence of Freddie's knowledge, or lack thereof, of Dockery's financial dealings with the City of Garland, Dockery cannot prove he acted with actual malice. As such, Dockery fails to prove all elements of a defamation claim. Dockery's slander claim therefore is dismissed.[5]

**D.   Dockery's Racial Discrimination Claim.**

Additionally, Dockery argues that Sam's Town discriminated against her on the basis of race in evicting her from the premises. See Record Documents 22 and 32, Ex. 9 at 45-48. However, Dockery does not provide sufficient evidence in the record to support her claim of race discrimination. As stated above, if the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must indicate specific facts showing that a genuine issue exists. See Gen. Universal Sys.,

---

[5]Although Dockery claims that Freddie made the slander claim, she filed suit only against Sam's Town, presumably arguing that Sam's Town is liable for Freddie's actions under the theory of respondeat superior. However, when an agent (in this case Freddie) cannot be held liable for an offense, the principal (Sam's Town) cannot be held liable either. See Ehlinger & Assocs v. Louisiana Architects Ass'n, 989 F.Supp. 775, 784 (E.D. La. 1998); Catfish Cabin of Monroe, Inc. v. State Farm Fire & Cas. Co., 36,363-CA, p. 5 (La. App. 2 Cir. 12/11/02); 833 So.2d 1055, 1058.

Inc. v. Lee, 379 F.3d at 141. Moreover, where evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d at 540.

In this case, Dockery fails to plead or otherwise indicate any specific facts that would allow the court to find racial discrimination on the part of Sam's Town. First, in her complaint, Dockery claims that Sam's Town discriminated against her "because [she] had the State Police to investigate there [sic] Triple Double Star machine on the 3rd deck." Record Document 4. Nowhere does she mention race as a possible basis for discrimination. Second, Dockery herself admits that no one at Sam's Town made a racial comment to her. See Record Document 32, Ex. 9 at 42-43. Rather, she claims only that certain Sam's Town employees were rude to her and that in her opinion, it was racially motivated. See id. at 43-44. Additionally, Dockery argues that a white patron of Sam's Town, Sara Hudson ("Hudson"), with whom Dockery frequently gambled, was not evicted at the same time Dockery was, evidencing Sam's Town's disparate treatment of her based on race. However, she provides no further evidence to substantiate this allegation.

While Dockery may feel that she was discriminated against on the basis of race, she does not indicate any specific facts to support such an argument. She admits no Sam's Town employee made a racially disparaging remark to her or made any kind of racial comment to her. Moreover, she provides no evidence that the reason Hudson was not also evicted was based on racial discrimination. She merely intimates this is the case without providing evidence that Hudson was in any way connected to the events that led to Dockery's eviction. See Record Document 32, Ex. 9 at 45. This is not sufficient evidence to establish a genuine issue of material fact. In response to a motion for summary judgment, a plaintiff cannot rely on allegations alone, but must give specific facts to support her arguments. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 2137 (1992) (citations and quotations omitted). Dockery has failed to do this.

Additionally, as noted by the defendant, a casino operator may exclude or eject any person from the premises for any reason except race, color, creed, national origin, sex, or disability. See La. R.S. 27:27.4(A). Moreover, a casino operator or an employee of a casino operator is not liable for monetary damages or any other remedy in a judicial proceeding resulting from the lawful exclusion of a person.

11

See La. R.S. 27:27.4(B). Dockery has failed to provide any evidence that her eviction was the result of anything other than possibly her filing a complaint with the Gaming Division. Eviction based on such a complaint is within the rights of Sam's Town under Louisiana law, and because such eviction was lawful, Sam's Town is not liable for any damages that might have resulted from such an eviction. Therefore, because Dockery has not indicated specific evidence that establishes a genuine issue of material fact and because Sam's Town lawfully evicted her, the claim of racial discrimination against Sam's Town is dismissed.

**E.     Dockery's Personal Injury Claim.**

In her complaint, Dockery asks for $100,000 as compensation for "slander and stress."[6] She further explains in her deposition that she suffered mental stress as a result of her eviction from Sam's Town because she can no longer support her family with money earned from gambling proceeds. See Record Document 32, Ex. 9 at 87-88. However, she provides no other evidence, cause, or explanation of her mental stress in the record.

---

[6]See section C for disposition of the slander claim.

First, under Louisiana law, as discussed above, Sam's Town cannot be held liable for alleged damages in a judicial proceeding resulting from a lawful eviction of a person from the premises. See La. R.S. 27:27.4(B). Because Dockery was not evicted on the basis of her race, her eviction was lawful, and Sam's Town is not liable.

Second, state case law indicates that damages for mental suffering cannot be recovered when a plaintiff suffers purely monetary loss. See Richards v. Cousins, 550 So.2d 1273, 1278 (La. App. 4th Cir. 1989), writ denied 552 So.2d 397 (La. 1989). Dockery claims her mental stress resulted from her loss of income from gambling proceeds.[7] She does not otherwise indicate that her mental suffering resulted from anything other than her eviction. Therefore, such a loss is purely monetary and as such is insufficient to support a claim for recovery.[8]

---

[7] According to Dockery, "[t]he mental stress is because I was evicted and I can't go to Sam's Town to earn the money." Record Document 32, Ex. 9 at 88.

[8] The court notes that Dockery does indicate that the $100,000 demanded was as compensation for both stress and slander. However, because she does not make a sustainable claim for slander, as more fully discussed in section C, Dockery is not entitled to recover any part of the demanded $100,000.

13

Third, Dockery provides insufficient evidence of her mental stress to support such compensation. Courts need more evidence than the plaintiff's own testimony on which to base an award on mental suffering. See Lejeune v. Rayne Branch Hosp., 556 So.2d 559, 563 (La. 1990); Thompson v. Simmons, 499 So.2d 517, 520 (La. App. 2nd Cir. 1986), writ denied 501 So.2d 772 (La. 1987). Here, Dockery offers no evidence of her mental suffering other than her deposition testimony. Because Sam's Town cannot be held liable for a lawful eviction, Dockery's loss is purely pecuniary, and the evidence of mental suffering is insufficient, Dockery's claim for personal injury is dismissed.

**F.     Dockery's Section 1983 Claim.**

Finally, Dockery has alleged that in evicting her, Sam's Town infringed on her civil rights in violation of 42 U.S.C. § 1983. For a claim to be successful under section 1983, the plaintiff must show both that she was deprived of a right secured to her by the Constitution or federal law and that the deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55 (1988); Brown v. Miller, 631 F.2d 408, 410 (5th Cir. 1980). The requirement of action under color of state law does not include private conduct,

even if the action itself is discriminatory.[9] See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S.Ct. 977, 985 (1999) (citations and quotations omitted). Additionally, the fact that a private entity is regulated by the state does not convert the private action into state action. See id. at 52; 119 S.Ct. at 986. The actions Dockery identifies as violative of section 1983 were all committed by Sam's Town, a private entity. Thus, Dockery's allegations cannot support a claim under section 1983 because no action was committed under color of state law.[10]

---

[9]It is noted that a private entity, such as Sam's Town, may be liable for violating 42 U.S.C. § 1983 if the party is a "willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27, 101 S.Ct. 183, 186 (1980). At no point does Dockery allege that Sam's Town was in any way acting in collusion with the state. Thus, Sam's Town cannot be held liable for violating section 1983 under this theory.

[10]Sam's Town filed two motions in limine in this case. The first asks this court to preclude the plaintiff from presenting any evidence or calling witnesses on her behalf at a trial of this matter because of her failure to comply with the scheduling order issued by this court. See Record Document 36. The second asks the court to exclude all evidence, argument, or testimony offered by the plaintiff with regard to any claim dismissed by this court. See Record Document 37. Because this court has dismissed all claims against the defendant in the accompanying judgment, both motions in limine are **MOOT**.

## III. CONCLUSION

Based on the foregoing analysis, the defendant's motion for summary judgment (Record Document 32) is **GRANTED**.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 12th day of October, 2007.

JUDGE TOM STAGG